IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THOMAS YOUNK,

    Plaintiff,

v.                                                            CASE NO. 4:13-cv-97-MW-GRJ

TERRY ROYAL, et a.,

    Defendants.

_____/

# REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at the Sago Palm Re-Entry Center, initiated this case by filing a complaint pursuant to 42 U.S.C § 1983. (Doc. 1.) This case is before the Court for screening pursuant to 28 U.S.C § 1915A. Plaintiff has filed a motion for leave to proceed as a pauper (Doc. 2) and a Motion to Appoint Counsel (Doc. 3.)

Pursuant to 28 U.S.C. § 1915A, the court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and shall "dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then

the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

Plaintiff alleges that Defendants are violating his rights to equal protection by placing inmates with worse convictions than his in work release while his requests for such treatment have been denied.[1] Plaintiff avers that he was convicted of practicing medicine without a license while others convicted of crimes of violence and sexual offenses have been permitted to participate in work release. As relief, he requests $12,480.00, in wages he would have earned in work release in a year as well as

---

[1] Plaintiff states in his Complaint that a Petition for Writ of Mandamus regarding his work release requests was filed in March 2012 in the 2nd Judicial Circuit in and for Leon County and is still pending.

$87,360.00 in compensatory damages for his mental anguish, loss of capacity for the enjoyment of life, loss of future wages and earning capacity. He also seeks punitive damages. (Doc. 1.)

To establish a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against based on race, religion, national origin, or some other constitutionally protected basis." *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001). In cases challenging the actions of correctional officials, exceptionally clear proof of discrimination is necessary. *Fuller v. Ga. Bd. of Pardons and Paroles,* 851 F. 2d 1307, 1310 (11th Cir. 1988). "[M]ere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause." *McKenzie v. Alabama Dept. of Corrections*, 2011 WL 1004875 (M.D. Ala. 2011) (denying inmate's claim that denial of his requests for work release but placing inmates with similar or worse convictions violated his rights to equal protection and due process).

Plaintiff has failed to state an equal protection claim. He does not allege that he has been discriminated against on some constitutionally protected basis. Rather, he claims that differential treatment from inmates with what Plaintiff considers to be more serious crimes has resulted in a violation of his right to equal protection. The law does not permit an inmate to advance equal protection claims on the basis of the nature of their criminal conviction. Differential treatment on this basis is clearly not a violation of the Equal Protection Clause.

To the extent Plaintiff also alleges a violation of his due process rights in the

work release approval process, he has not stated a claim. Inmates do not have a constitutionally protected liberty interest in their assignment to work release, as being deprived of work release does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995).

Under these circumstances, the Court concludes that the complaint fails to state a claim for a violation of Plaintiff's constitutional rights upon which relief may be granted. Because, even liberally construed, the facts alleged do not suggest that Plaintiff could amend his complaint to assert a cognizable claim for relief, the Court concludes that amendment of the complaint would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C § 1915A. It is further recommended that any pending motions should be terminated and the clerk should be directed to close the file.

**IN CHAMBERS** at Gainesville, Florida this 11th day of March 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**